**RECEIVED**
IN LAKE CHARLES, LA

FEB 1 6 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RODNEY WILLIAMS** | : | **DOCKET NO. 2:06 CV 1547** |
| **VS.** | : | **JUDGE MINALDI** |
| **CLASSIC LOCKSMITH, LLC, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Fluor Enterprises

Inc. ("Fluor") [doc. 10].  The plaintiff, Rodney Williams, filed an opposition [doc. 13] to which

Fluor filed a reply [doc. 14].

### FACTS

The following facts are alleged by Rodney Williams.  Williams was in the business of

transporting and installing manufactured housing.[1]  In the aftermath of Hurricane Katrina, Williams

learned that FEMA had negotiated a contract with Fluor to provide disaster relief services throughout

the Gulf Coast, particularly the transportation and installation of temporary housing.[2]  Williams was

interested in working with Fluor and entered into discussions with representatives of the company.[3]

However, Williams, a resident of Alabama, learned that contracts would be preferentially awarded

---

[1] Complaint ¶ 3.

[2] *Id.* ¶ 4.

[3] *Id.* ¶ 5.

to persons or firms who were citizens or domiciliaries of Louisiana.[4]

Williams met Gary M. Tilley, a member/manager of Classic Locksmith, LLC ("Classic"), a Louisiana limited liability company.[5] The two entered into a "joint venture/partnership" agreement whereby Classic would submit a proposal to Fluor for the transportation and installation of temporary housing.[6] The proposal, prepared by Williams and submitted in the name of Classic, was accepted and Classic and Fluor entered into a "Blanket Ordering Agreement" ("BOA").[7]

Under the terms of the joint venture/partnership agreement, Williams was to be paid $375 per housing unit delivered and $0.05 per mile traveled from the funds paid by Fluor to Classic under the BOA.[8] On February 15, 2006, Classic paid Williams $165,266.50 representing fees earned for the period from October 12, 2005 to December 31, 2005.[9] Subsequent to this payment, Classic and Tilley denied that Williams was due any further payments.[10]

Williams alleges that during the period from January 1, 2006 to February 5, 2006 Classic and/or Tilley caused in excess of 1,000 units to be shipped over 120,000 miles and were paid more than $10 million by Fluor.[11] Williams claims that under the joint venture/partnership agreement his

---

[4] *Id.* ¶ 6.

[5] *Id.* ¶¶ 2, 6.

[6] *Id.* ¶ 7.

[7] *Id.* ¶ 8.

[8] *Id.* ¶ 9.

[9] *Id.* ¶ 10.

[10] *Id..*

[11] *Id.* ¶ 11.

share of that payment should have been more than $400,000.[12] Williams further alleges that Classic

continues to provide services to Fluor under the BOA and, despite amicable demand, refuses to

compensate Williams.[13] Williams also notified Fluor of his claim to the proceeds paid to Classic and

requested the Fluor withhold further payment to Classic pending resolution of the dispute.[14]

Williams filed the instant lawsuit against Classic, Tilley, and Fluor. In addition to seeking

to recover his share of the sums paid to Classic, William alleges that: (1) Classic and Tilley breached

the joint venture/partnership agreement and (2) the conduct of Classic, Tilley, and Fluor constitutes

a conspiracy to deprive Williams of "his duly earned property rights in the Blanket Ordering

Agreement."[15]

## RULE 12(b)(6) STANDARD

On a Rule 12(b)(6) motion, the court must view the plaintiff's complaint in the light most

favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161 (1993). The motion will be denied if the allegations support relief on any

possible theory. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994). The court will "bend over

backwards to avoid granting a 12(b) motion to dismiss." *McCann v. Texas City Refining, Inc.*, 984

F.2d 667, 673 (5th Cir. 1993).

---

[12] *Id.* ¶ 12.

[13] *Id.* ¶ 13.

[14] *Id.* ¶¶ 14-15.

[15] *Id.* ¶¶ 16-18.

3

"[T]he district court's inquiry typically is directed simply to the question whether the allegations constitute a statement of a claim for relief under Rule 8(a)." 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 1998); *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163. All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99. 103 (1957)) (internal quotations omitted).

There is no requirement that the plaintiff "set out in detail the facts upon which she bases her claim." *Id.* General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim." *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137 (1992)). However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted by the court. WRIGHT, MILLER & COOPER, *supra* at § 1357.

## ANALYSIS

Fluor argues that Williams fails to state a claim against Fluor for conspiracy. Specifically, Fluor asserts that an underlying willful or intentional tort is a necessary element of civil conspiracy under Louisiana Civil Code article 2324. Fluor suggests that without an allegation of an underlying tort or any allegation of agreement to commit such a tort, William's complaint is insufficient to state a claim for relief. Fluor also argues that Williams has no claim for breach of contract against them

4

because there is no privity of contract between Williams and Fluor.

Williams asserts that Fluor knew of his role as a principal "player" with Classic and was aware that Classic intended to deprive him of "the fruits of his labor."  Despite this knowledge and awareness, Williams asserts that Fluor cooperated with Classic and paid all sums owed under the BOA directly to Classic.  Williams argues that Fluor knew or should have known that he would be harmed by such actions.

Article 2324 of the Louisiana Civil Code provides, "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."  In order to sustain an action for civil conspiracy under this article, "[t]he plaintiff must therefor prove an unlawful act and assistance or encouragement that amounts to a conspiracy." *Chrysler Credit Corp. v. Whitney Nat. Bank*, 51 F.3d 553, 557 (5th Cir. 1995) (citation omitted).  "This assistance or encouragement must be of such quality and character that a jury would be permitted to infer from it an underlying agreement and act that is the essence of the conspiracy." *Id.*

The unlawful act contemplated by article 2324 is a tortious act.  As Judge Little wrote, "The actionable element in a claim for civil conspiracy is not the conspiracy itself, but rather the underlying tort that the conspirators agree to perpetrate and actually commit." *Johnson v. CHL Enterprises*, 115 F.Supp.2d 723, 731 (W.D.La. 2000) (citing *Butz v. Lynch*, 710 So.2d 1171, 1174 (La.App. 1st Cir. 1998)).  Thus, an action for civil conspiracy is an action ex delicto.

The underlying act upon which the instant suit is premised is Classic's alleged breach of the joint venture/partnership agreement.  Because Williams was not a party to the BOA between Fluor

5

and Classic, he has no action in contract against Fluor. Williams therefore seeks to impose tort liability upon Fluor for conspiring to breach the only contract to which he was a party– the joint venture/partnership agreement.

While Louisiana recognized the tort of intentional interference with a contract in *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989), courts have consistently denied claims which do not fit within the precise facts of that case. *See Huffmaster v. Exxon Co.*,170 F.3d 499, 504 (5th Cir. 1999); *see also* FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW § 20-3, n. 16 (collecting cases). In *9 to 5 Fashions*, a corporate officer allegedly interfered with a contract between his employer-corporation and a third party. 538 So.2d at 230. The facts of the instant case are easily distinguished, considering that here a corporation is alleged to have interfered with a contract to which it was not a party. *See Matrix Essential, Inc. v. Emporium Drug Mart, Inc.*, 756 F.Supp. 280, 284 (W.D.La. 1991).

Having failed to allege an underlying tortious act on the part of Fluor, Williams cannot maintain a claim for civil conspiracy. Accordingly, Fluor's motion to dismiss will be granted.

Lake Charles, Louisiana, this __15__ day of February, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6